# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

  v.              Case No. 03-CR-194

**LARON RAMSEY,**
   **Defendant.**

## DECISION AND ORDER

I sentenced defendant Laron Ramsey to 78 months in prison, followed by 3 years of supervised release, on his guilty plea to conspiracy to distribute 5 kg or more of cocaine and 50 g or more of crack cocaine. He completed the prison sentence and commenced supervision in December of 2010, and now moves for early termination of his supervised release.

Pursuant to 18 U.S.C. § 3583(e)(1), the district court may grant early termination of supervised release if: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). See United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998); see also United States v. Lowe, 632 F.3d 996, 998-99 (7th Cir. 2011). These standards are met in the present case. Defendant has served more than one year, the government responds that it does not oppose his request, and I find termination just under the circumstances.

The district court possesses wide discretion in determining whether early termination would be appropriate. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). Nevertheless, courts have generally held that the conduct of the defendant sufficient to warrant

early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have generally granted early termination only in cases involving new or unforeseen circumstances, cases where the defendant's behavior has been exceptionally good, or cases where supervision interferes with the defendant's rehabilitation. See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); Medina, 17 F. Supp. 2d at 246-47.

Defendant makes the required showing here. As discussed in his request, in addition to maintaining employment, satisfying all financial obligations, and complying with all rules of supervision, defendant has engaged in significant volunteer work and re-connected with his family, becoming engaged to the mother of his two daughters and obtaining partial custody of his son. He further indicates that the travel restrictions associated with supervision interfere with his employment. Finally, given his progress while on supervision, his lack of any prior record, and the absence of ongoing treatment needs, I find that early termination would be consistent with the factors in 18 U.S.C. § 3553(a)(1) and (2)(B), (C) & (D).

**THEREFORE, IT IS ORDERED** that the defendant's request for early termination of supervised release (R. 811) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge